[No. 8,632.—Department One.]
December 15, 1882.

## OCCIDENTAL BUILDING AND LOAN ASSOCIATION *v.* J. H. SULLIVAN et al.

Construction of By-law of Corporation—Contract—Penalty—Forfeiture — Mortgage — Foreclosure.—Action to foreclose mortgage, etc. The defendants, S. and wife, owners of stock in the plaintiff corporation, a building and loan association, borrowed money from the plaintiff, and executed their promissory notes to it. To secure the payment of the notes, they mortgaged certain real estate, and hypothecated their stock to the plaintiff. The ninth by-law of the plaintiff is as follows: "Every stockholder for every share of stock shall pay to the Secretary, on the second Wednesday in every month, the sum of one dollar in gold." The eleventh by-law of the plaintiff is in the following words: "Any stockholder failing to pay his or her monthly installments or interest shall pay a fine of ten per cent. per month upon the amount of the indebtedness. This fine shall be charged by the Secretary, and collected with the delinquent's monthly dues; and in case any stockholder shall neglect or refuse to pay the monthly dues or fines for the space of six months, the Secretary shall tender to the delinquent the amount actually paid in, deducting all fines and forfeitures that may be charged against him or her, and from that time he or she shall cease to be a member of the association."

*Held:* 1. By-law xi. in no way affects or changes the terms of any contract of loan between the association and a stockholder; 2. The word "interest" in by-law xi. does not refer to interest due upon any loan from the corporation to a stockholder; 3. Penalties and forfeitures are not to be favored, but must be created by unambiguous language.

Appeal by defendants from the judgment of the Superior

Court of the County of Sacramento, and from an order denying a motion for a new trial. DENSON, J.

Action of foreclosure of mortgage. The defendants, S. and wife, were the owners of six shares of stock in the plaintiff corporation, a building and loan association in the city of Sacramento, and on two several dates borrowed money from the plaintiff, for which they executed their promissory notes. To secure the payment of the promissory notes, they mortgaged to the plaintiff certain real estate, and hypothecated to the plaintiff the said stock. The first note was as follows:

"$800. SACRAMENTO, December 16, 1879.

"Six years after date I promise to pay to the order of the Occidental Building and Loan Association eight hundred dollars in gold coin, with interest thereon at the rate of ten per cent. per annum, in like gold coin, to be paid monthly, on the second Wednesday of each month. Should default be made in any of the payments aforesaid, or in the payment of any installment hereafter to fall due on my stock in said Association, then said Association may, at its option, declare the whole debt to be due, and proceed at pleasure to enforce its collection. "EMMA SULLIVAN,

"JAMES H. SULLIVAN."

The second, in all essential particulars, was the same. Nothing was paid on either of the notes, or as installments on the stock, except such amounts as became due prior to the second Wednesday in May, 1881. In September, 1881, the plaintiff declared the whole of the notes to be due, for default in the payment of the interest thereon and in the payment of the installments on the stock, and commenced this action to recover judgment and to foreclose its lien. Judgment was given for the plaintiff. The other facts are stated in the opinion of the Court.

*J. H. McKune*, for Appellants.

The plaintiff bases its claim to compound interest on the notes sued on, and the installments due on stock per month, on by-law xi. The language is: "Any stockholder failing to pay his or her monthly installment, or interest, shall pay a fine of ten per cent. per month on the amount of the indebted-

ness." Plaintiff claims that the words "or interest" mean interest on any note the stockholder may have given the plaintiff. The defendants insist that the words have no reference to any interest on a note outstanding, but refer to and mean the same thing as installments.

That the latter is the true construction, we submit the following considerations: It is only a stockholder to whom the words apply. To hold the contrary would be to determine that the plaintiff discriminates against its members, and whilst a mere borrower can secure loans at simple interest, a member must pay compound interest at ten per cent. per month. If the construction claimed by plaintiff be correct, it can not only claim ten per cent. on the interest due but upon the whole debt. There are no apt words in the by-law showing an intention to levy ten per cent. per month fine on a borrower.

And this Court ought not to construe the by-law to favor a harsh construction. There may be reasons why a by-law shall be so framed as to require a member to pay a ten per cent. per month fine on installments, but there can be none to levy such a fine on a borrower. The defendants, as to the notes, have a right to stand on their contract under the Civil Code, and the by-law in question can not be made to interpolate a new provision in the notes sued on.

If that had been the intention of the framers of by-law xi., apt words would have been used, indicating it clearly. Even plaintiff does not now claim that the word "indebtedness" covers the principal of the notes given. Why, then, the interest? The notes, whether due or not, are debts, and the interest is part of the debt. If the word "indebtedness" applies at all to the loan, it covers the whole loan and the interest to accrue thereon. This consideration shows that the word "indebtedness" contained in by-law xi. is limited to the monthly installments; called, also, interest on stock. This construction is further strengthened by the further provision of the same article, wherein the consequences of default are pointed out and provided for, *i. e.*, the stockholder ceases to be such. The fines are charged against the stockholder. He is credited with the amount paid in, and the secretary tenders the balance to the stockholder, thus providing for an equi-

table adjustment of accounts, without reference to any loans or the interest.

The construction given by plaintiff to its by-laws is simply outrageous. It takes the stock—gives no credit for payments. The installments and fines go on and accumulate, and the stockholder finds himself ruined by what he is led to believe by the company to be a friendly party.

*Freeman & Bates,* for Respondent.

The plaintiff is a building and loan association, having a capital stock, on each share of which an installment of one dollar is due on the second Wednesday of each month. At each regular monthly meeting the association loans its moneys to the highest bidder, the sum bid being called premium. It is of the utmost importance to the association that the installments and interest be paid when due, otherwise it could not regularly offer its moneys to be loaned and bid for. It therefore imposes the fine, shown by article xi., which is " ten per cent. per month on the amount of the indebtedness." Indebtedness, as here used, means installment on stock and the interest, if any, falling due each month on loans. There is no reason to suppose that "installments" and "interest" mean the same thing. The association was primarily to loan to stockholders. It was expected that each month moneys would be due from stockholders, both for installments and for interest. It was equally important that both sums should be paid, and the fine was therefore put against both.

McKINSTRY, J.:

Plaintiff's by-law ix. provides: " Every stockholder for every share of stock shall pay to the Secretary, on the second Wednesday in every month, the sum of one dollar in gold." And by-law xi.: "Any stockholder failing to pay his or her monthly installments or interest shall pay a fine of ten per cent. per month upon the amount of the indebtedness. This fine shall be charged by the Secretary, and collected with the delinquent's monthly dues; and in case any stockholder shall neglect or refuse to pay the monthly dues or fines for the space of six months, the Secretary shall tender to the delinquent the amount actually paid in, deducting all fines and

forfeitures that may be charged against him or her, and from that time he or she shall cease to be a member of the association."

It was held by the Court below that the fine imposed for the non-payment of any monthly installment or installments (as required by the ninth by-law), "or interest," is ten per cent. upon the installment due and ten per cent. upon all *interest* due, upon any *loan* which may have been made by plaintiff to the stockholder. Even if this were assumed to be true, it would by no means follow that the failure to pay the fine could be made to constitute a term of the contract of loan, so that if, as in the case before us, the loan is represented by promissory note secured by mortgage, the note or mortgage can be made to *read*, not only that the borrower shall pay the fines and the same be secured by the mortgage, but that a failure to pay a " fine" shall make the whole principal sum due, although the loan has not otherwise matured. The only consequence provided in by-law xi., in case a stockholder shall fail to pay (for six months) his monthly dues (installments) or *fines*, or interest, is that if the Secretary shall tender to the delinquent the amount actually paid in— deducting all fines and forfeitures that may be charged against him or her—*from that time he or she* " *shall cease to be a member of the association.*"

By-law xi. in no way affects or changes the terms of any contract of loan between the association and a stockholder. We are convinced, however, that the word "interest" as used in the by-law does not refer to interest due upon any loan from the corporation to a stockholder. Penalties and forfeitures are not to be favored; they must be created by unambiguous language.

Judgment and order reversed, and cause remanded for a new trial.

Ross and McKEE, JJ., concurred.