BLACK *v.* TOMPKINS.

Opinion delivered February 27, 1897.

USURY—BUILDING ASSOCIATION LOAN.—An agreement by a borrowing member of a building and loan association to pay monthly instalments as dues on his stock, and also to pay legal interest on the amount of the loan in monthly instalments, until the stock shall attain to par value, is not usurious.

Appeal from Drew Chancery Court.

JAMES F. ROBINSON, Chancellor.

### STATEMENT BY THE COURT.

This is a suit in equity to foreclose a mortgage given to secure a loan made by a building association. H. P. Tompkins was the owner of ten shares of stock in "The American Building, Loan & Tontine Savings Association," of the par value of $100 per share. He borrowed from said association the sum of $500 on his ten shares of stock; transferred the stock to the association, and promised to continue to pay to said association, as he had been doing, $6 per month from and after the date of said loan as assessments or dues on said stock; and also to pay to said association interest on said $500 at the rate of 6 per cent. per annum in monthly instalments until paid stock should attain to full or par value. To secure the payment of said dues and interest, he and his wife, Ellen Tompkins, conveyed to plaintiff, R. J. Black, as trustee of said association, certain real estate situated in the town of Monticello, Ark. Tompkins afterwards died, and default was made in the payment of said dues and interest. This suit was brought to foreclose said trust deed.

The defendants set up the plea of usury. The evidence showed that Tompkins borrowed the money from the association to pay off a mortgage upon his homestead. The chancellor found that a greater rate of interest than 10 per cent. was contracted for, and that the deed was void for usury. A decree was thereupon entered cancelling the trust deed.

*Geo. Gillham* for appellant.

*Z. T. Wood* for appellee.

Appellant's association was not a *bona fide* building association; usurious *interest* was exacted; and the taking stock, etc., was a mere device or shift to cover

usury. 56 Ark. 320; 55 *id.* 270; 47 *id.* 287. Authorities and precedents for the decree in this case are not lacking. 35 Pa. 470; 84 *id.* 212; 7 Neb. 173; 75 N. C. 292; 77 *id.* 145; 24 Conn. 153; 48 Iowa, 390; 55 *id.* 424; 12 Rich. Eq. 124; 15 S. C. 462; 2 Coldw. 418; 14 Lea, 677; 41 Md. 418; 1 Cent. Rep. 486; 64 Md. 338; 51 *id.* 201; 61 *id.* 600; 68 *id.* 52: 25 Ohio St. 208; 29 *id.* 92; 81 Tex. 369; 19 W. Va. 684; 69 Ala. 419; 54 Ark. 56.

PER CURIAM. The question of law involved in this action was decided in *Reeve* v. *Ladies' Building Association*, 56 Ark. 335, and *Taylor* v. *Van Buren Building Association, ib.* 340. According to the opinion in those cases, there was and is no usury in the contracts sued on.

The decree of the chancery court is therefore reversed, and the cause is remanded, with instructions to the court to foreclose the mortgage sued on; ascertaining the amount due thereon according to the rule stated in *Roberts* v. *American Building & Loan Association*, 62 Ark. 572.