## LINDSAY *et ux.* v. CHICKASHA BUILDING & LOAN ASS'N.

No. 2337.   Opinion Filed February 18, 1913.

Rehearing Denied July 8, 1913.

(130 Pac. 570.)

1.   **BUILDING AND LOAN ASSOCIATIONS—Loans—Usury.** Under the laws in force in the Indian Territory prior to statehood, "in a loan made by a building association to a shareholder in the usual form, there can be no usury, because the rate of interest paid by him is contingent upon the length of time required to pay out his shares."

2.   **SAME—Forfeitures—Premium Note.** Where a building and loan association was organized under the laws in force in the Indian Territory prior to statehood, and where, prior to statehood, a mortgage is given to such association to secure a loan of $400, and where the by-laws of such association provide that, in case of default in any payment when it becomes due, the entire debt shall at once become due, and that the stock assigned as collateral, together with all payments made thereon, shall become forfeited to the association, and that the association shall have the election to foreclose, not only for the amount of the loan and interest, but also for a premium note of $540 bid by the borrower for the loan, equity will not decree for the premium in addition to the loan and interest, as to do so would be tantamount to enforcing a penalty for a breach of contract.

3.   **SAME—Stockholders.** Forfeitures are not favored by law, but building and loan associations are permitted to forfeit shareholder's stock for nonpayment of dues, where the by-laws specifically provide for such forfeiture, and where such provision is not in conflict with statutes. In case of forfeiture for default in payments due and foreclosure proceedings by the association, where the borrower is not seeking to redeem the stock and to continue his relations as a member, but seeks merely to liquidate the debt, he may elect to have the stock payments applied on the loan, and will be allowed credit for same.

(Syllabus by Harrison, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by the Chickasha Building & Loan Association against J. D. Lindsay and wife to foreclose a mortgage and lien on stock. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

*John H. Venable,* for plaintiffs in error.

*Wm. Stacey,* for defendant in error.

Opinion by HARRISON, C. In November, 1905, J. D. Lindsay, then a stockholder and member of the board of directors of the Chickasha Building & Loan Association, obtained a loan of $400 from said association and executed a note therefor, bearing 6 per cent. per annum, and as a bid for said loan executed a premium note for $540, bearing 8 per cent. per annum, and to secure the payment of said notes, and as part of the same transaction, executed a mortgage on certain lots in the city of Chickasha, and as additional security assigned a certain certificate of stock in said association for $1,000; the same being 40 shares. The mortgage and both notes were also signed by Mary E. Lindsay, his wife. The loan was made under the rules and regulations and by-laws of said association, and the payments of both principal and interest were regulated by such rules and by-laws.

Under the terms of said notes and mortgage, and under the rules and by-laws of said association, the interest accruing on said notes were to be paid monthly on or before the Monday preceding the first Tuesday of each month. The notes became payable in five years after November 24, 1905. Some payments had already been made on the stock assigned before the date of the loan. After the loan was obtained, Lindsay continued to make the monthly payments for a few months and then defaulted in further payments. The by-laws of the association and the notes and mortgage provided that, upon default of payment of the interest on the loan and premium note when same became due, the stock assigned, together with all payments which had been made thereon, should become forfeited to the association. In March, 1909, neither the interest nor stock payments having been made for several months, and defendant refusing to make

further payments, the association brought suit to foreclose the lien on the stock and the mortgage on the real estate and prayed judgment for $940, the sum of the two notes and the interest due thereon. . Defendant answered that the contract, being made in the Indian Territory prior to statehood, was in violation of the Arkansas statute on usury, and void.

At the trial of the cause the court rendered judgment for the amount of the loan, $400, with interest from date at the rate of 6 per cent., less the sum of $22.66 found by the court to have been paid on same, and judgment foreclosing the mortgage on the real estate, and decreeing the stock forfeited to the association, together with the sum of $80 paid on the stock before the loan, and $113.34 found to have been paid on same after the loan had been made, and decreed the cancellation of the premium note for $540.

Defendants, Lindsay and his wife, appealed from this judgment, claiming that the entire contract was usurious and void, and that the court erred in not rendering judgment in favor of defendants, and further claiming as an alternative that if judgment be rendered against defendants for the amount of the loan, $400, and also judgment forfeiting the stock which defendants had assigned as collateral, that in such event defendants should have been allowed a credit on the loan note for the amount, $113.34, which had been paid on the stock after the loan had been obtained, and $80 paid on same previous to the loan.

As to whether defendants are entitled to judgment annulling the entire contract because of the usurious features involved depends upon the statutes relied upon, and upon the construction placed upon such statutes by the courts of Arkansas. In *Reeve v. Ladies' Bldg. & Loan Ass'n*, 56 Ark. 335, 19 S. W. 917, 18 L. R. A. 129, the court held:

"In a loan made by a building association to a shareholder, in the usual form, there can be no usury, because the rate of interest paid by him is contingent upon the length of time required to pay out his shares."

This decision is followed in *Taylor v. Van Buren Bldg. Ass'n*, 56 Ark. 340, 19 S. W. 918; *Roberts v. Am. Bldg. & L.*

*Ass'n,* 62 Ark. 572, 36 S. W. 1085, 33 L. R. A. 744, 54 Am. St. Rep. 309; *Black v. Tompkins,* 63 Ark. 502, 39 S. W. 553.

In the foregoing decisions the courts of Arkansas have held that the usury statutes are not applicable to building and loan contracts. Hence the defendant could not escape liability for the amount of his loan, nor annul the mortgage given to secure such loan, under the defense of usury.

In view of these decisions, there was no error in the court's holding defendant liable for the amount of the loan and interest; nor is there any question but what, under *Roberts. v. American Bldg. Ass'n, supra,* the court below was correct in decreeing the cancellation of the $540 premium note. In the above case it was held that, where a mortgage, given to secure a loan by a building association for $1,000, provides that, "in case of default, the association shall have the election to foreclose, not only for the amount so loaned with interest, but also for a 'premium' of $1,000 bid by the borrower for the loan," equity will not decree for the premium in addition to the loan and interest, as to do so would be tantamount to enforcing a penalty for a breach of contract. Besides, in the case at bar, the defendant having forfeited his stock and his rights under the contract, it would be wholly unconscionable to require him to pay, in addition to the loan and interest, the further sum of $540 as premium.

The next question, then, is whether the provisions in the by-laws and the contract under which the loan was obtained, which provided for a forfeiture of the stock, together with the amount paid thereon, are valid under the law. The general rule as to forfeiture in such cases is stated in 4 Am. & Eng. (2d Ed.) 1044, thus:

"Forfeitures are not favored, and by-laws creating them are construed strictly and against the association; but, if fair and reasonable, they are valid, and equity will not relieve against them."

See, also, decisions cited in notes, especially *Occidental Bldg. & Loan Ass'n v. Sullivan,* 62 Cal. 394; *Southern Bldg. Ass'n v. Anniston L. & T. Co.,* 101 Ala. 582, 15 South. 123, 29 L. R. A.

120, 46 Am. St. Rep. 138; *Freeman v. Ottawa Bldg. Ass'n,* 114 Ill. 182, 28 N. E. 611.

In 6 Cyc. 138, the rule is stated thus:

"In general. It is competent for building and loan associations, in the absence of statutory or charter inhibitions, to provide in their by-laws for a forfeiture of stock of members who fail for a specified period to pay dues, fines, and assessments. Forfeitures, however, are not favored, and must be created by unambiguous language. * * *"

See, also, decisions cited in notes. Also Thompson on Bldg. & Loan Ass'ns (2d Ed.) 322; Endlich, Bldg. Ass'ns, sec. 74.

There seems to be no very serious conflict in the authorities as to the rights of building and loan associations to forfeit a shareholder's stock for nonpayment of dues, where the by-laws specifically provide for such forfeiture, and where such provision is not in conflict with statutes. But they are very much in conflict as to whether, in case of forfeiture of stock, the amount paid on same should also be forfeited, or whether, especially in case of loan to such stockholder, he should be allowed credit on his loan for the amount paid on his stock.

Most of this conflict, however, arises from a difference in provisions of statutes, or difference in powers of the association under its charter, and a difference in the provisions in the by-laws. Some confusion is due also to the failure of the courts, in applying an equitable rule of accounting, to distinguish between the rights involved in cases where the stockholder seeks to redeem his forfeited stock and cases where the association seeks to foreclose for the amount due, and the borrower seeks merely to extinguish the debt. Some states, however, hold that all payments made by borrowing shareholders to the society should be credited on the loan. Others hold that the payments of stock are not *ipso facto* payments on the loan, and do not operate, of themselves, to distinguish it *pro tanto.* Also the federal courts, in *Tilley v. American Bldg. & Loan Ass'n* (C. C.) 52 Fed. 618, *Andruss v. People's Bldg. Ass'n,* 94 Fed. 575, 36 C. C. A. 336, follow this doctrine. But, under the weight of authority, in case of forfeiture for default and foreclosure proceedings by the association, where the borrower is not seeking

to redeem the stock, but to liquidate the debt, he may elect to have the stock payments applied on the loan, and will be allowed credit for same. 6 Cyc. 153, 154, and notes; 4 Am. & Eng. 1045; Thompson on Building Associations (2d Ed.) 325, 326; Endlich on Building Associations (2d Ed.) 349, 482-484.

This is the real question involved in the case at bar. The record shows that $80 had been paid on the stock before the loan, and the court found that $113.34 had been paid on the stock after the loan, and also found that $22.66, interest, had been paid on the loan, and allowed credit for the interest, but refused to allow credit for the $80 and $113.34, and forfeited said amounts, together with the stock, to the company. This question was not involved in *Roberts v. Am. Bldg. Ass'n, supra;* nor is this feature in the case at bar controlled by that case. The association, in the Roberts case, was a Minnesota corporation, organized under the laws of said state, and under a statute which prohibited forfeitures of stock and provided, in case of default, for a sale of the stock to meet such arrearage as might be found due. The by-laws of the association were made to conform to the statutes; but in the case at bar the by-laws provide specifically, not only for the forfeiture of the stock, but also for the payments made thereon. Under the general current of authorities, where it is so provided in the by-laws, stock may be forfeited for nonpayment of dues, and where so forfeited the borrower, so far as that particular transaction is concerned, is no longer a member of the association, bearing the relation and vested with the interests of a stockholder, but occupies the single relation of debtor; and under the weight of authorities in cases of forfeiture and foreclosure, where the borrower seeks not to redeem his stock and continue his membership, but seeks only the liquidation of the debt, thereby terminating the dual relation of member and borrower, he is entitled to credits for the amount actually paid. Hence the judgment should be so modified as to credit the loan with the amounts found to have been paid.

With this modification, the judgment should be affirmed.

By the Court: It is so ordered: