GATE CITY BUILDING & LOAN ASSOCIATION *v.* CROWELL.

Opinion delivered June 11, 1928.

*Arnold & Arnold*, for appellant.

*John D. Arbuckle, J. M. Carter* and *B. E. Carter*, for appellee.

HUMPHREYS, J. This is a proceeding instituted in the chancery court of Miller County by appellants against appellees to foreclose a deed of trust executed by Walter E. Crowell and wife to it on May 21, 1921, on lots 1 and 2, in block 67, in Kirby's Addition to the city of Texarkana, Arkansas, to secure money borrowed by them from the Gate City Building & Loan Association, evidenced by note of even date therewith. It was alleged

that the lien created by the deed of trust was prior and paramount to a lien claimed against said property under a deed of trust subsequently executed by the Crowells on said property to the Home Building & Savings Association of Fort Smith, Arkansas. It was also alleged that a balance of $838.28 was due on the note under the terms of the contract.

The issues joined by the pleadings and proof presented questions of whether appellants were estopped to collect a balance due upon the note from the Crowells and to foreclose the deed of trust against their property, and, if so, what amount was due under the terms of the contract; and, if not estopped, whether the lien to the Gate City Building & Loan Association was prior and paramount to the lien of the Home Building & Savings Association; and whether the amount due the Home Building & Savings Association by the Crowells should be abated by the amount, if any, of the amount of the recovery by the Gate City Building & Loan Association.

The cause was submitted upon the issues joined by the pleadings and testimony introduced by the parties, which resulted in a judgment and decree of foreclosure in favor of appellants against the Crowells for $670.63, from which appellants appealed, because less than claimed, and from which the Crowells and the Home Building & Savings Association took a cross-appeal; and a judgment and decree of foreclosure against the Crowells in favor of the Home Building & Savings Association, but abated the judgment by the amount of the judgment in favor of the Gate City Building & Loan Association. The Home Building & Savings Association took an appeal from the order abating its judgment in the amount from the recovery in favor of the Gate City Building & Loan Association.

Briefly stated, the facts reflected by the record are as follows: On May 21, 1921, the Crowells borrowed $1,200 from the Gate City Building & Loan Association on the usual building and loan plan, executing a note for the amount and a deed of trust on the property hereto-

fore described, to secure the payment of same. The note and deed of trust provided the plan for ascertaining the amount due in case of default. The instrument contained practically the same provisions relative thereto as the instruments did in the case of *Roberts* v. *American Building & Loan Association*, 62 Ark. 572, 36 S. W. 1085; 33 L. R. A. 744, 54 A. S. R. 309; and the *Gate City Building & Loan Association* v. *Frisby*. Dan Dewberry was the local agent of the Home Building & Savings Association at Texarkana, Arkansas, and solicited the Crowells to transfer the loan they had from the Gate City Building & Loan Association to the Home Building & Savings Association. Crowell procured his abstract to the property from the Gate City Building & Loan Association, telling its secretary at the time that he was going to transfer the loan to Dan Dewberry. Application was then made to the Home Building & Savings Association for a loan of $1,500, which was made in May, 1926. The money was sent to Dan Dewberry by the Home Building & Savings Association in the form of a check payable to the Crowells and to ''Dan Dewberry, agent,'' with instructions to him, as its agent, to see that the deed of trust to the Gate City Building & Loan Association was satisfied and to turn the balance of the proceeds of the check over to the Crowells. When the check arrived, the Crowells indorsed it, and Dewberry gave them his personal check for the amount coming to them. He then indorsed and collected the check himself, but did not pay the Gate City Building & Loan Association or procure the satisfaction of its deed of trust, as per instructions and in accordance with his promise to the Crowells. Instead, he notified the Gate City Building & Loan Association that he had taken over the Crowell loan personally, and continued making monthly payments thereon under the contract until November, 1926. After that time he failed to make the monthly payments, and fled the country in the spring of 1927, without paying off the loan. It was then discovered that he had handled quite a number of loans in the same manner as he had

the Crowell loan. Between November, 1926, and the time he fled, no delinquent notices of failure to pay monthly installments on the loan were sent to the Crowells by the Gate City Building & Loan Association. The secretary of the Gate City Building & Loan Association testified that he did not know that Dewberry was getting the money from the Home Building & Savings Association with which to pay the Crowell loan and other loans to his company and appropriating the money to his own use; that he accepted the statement of Dewberry that he had taken the loan over personally, and allowed him to continue to pay the monthly installments under the provisions of the Crowell contract. Evidence was introduced tending to show that the secretary and office force of the Gate City Building & Loan Association knew how Dewberry was handling this and other loans. The chancellor found the Gate City Building & Loan Association did not know that Dewberry had got the money from the Home Building & Savings Association to pay the Crowell loan, and we cannot say that the finding is contrary to a clear preponderance of the testimony.

Under the facts reflected by the record, the Gate City Building & Loan Association is not estopped to enforce payment of its note for the balance due against the Crowells and to foreclose its lien under the deed of trust to pay same as against the Crowells and the Home Building & Savings Association. Its lien against the property was prior and paramount to the lien of the Home Building & Savings Association. Under the finding of the chancellor, which is not contrary to a clear preponderance of the testimony, the Gate City Building & Loan Association did not know or have reasonable grounds to believe that Dan Dewberry had obtained money from the Home Building & Savings Association with which to pay the Crowell loan, and that it allowed him to appropriate same to his own use in case he would make monthly payments in accordance with the Crowell contract. On the contrary, the chancellor found that the Gate City Building & Loan Association allowed him to keep up the

monthly payments on the Crowell loan, upon his statement that he had taken over the loan personally, meaning, of course, that he had bought Crowell's equity in the property, subject to or by the assumption of the payment of the Crowell indebtedness and lien. The assumption of the mortgage would not release the Crowells from their liability for the indebtedness.

Another question arising on the appeal is whether the Home Building & Savings Association judgment against the Crowells should be abated by the amount of the recovery of the Gate City Building & Loan Association against the Crowells. The manner in which the Home Building & Savings Association sent the money to the parties put it in the power of Dewberry to perpetrate the fraud. He was instructed to pay the Crowells their part of the proceeds out of the check and to satisfy the indebtedness due by the Crowells to the Gate City Building & Loan Association. The Home Building & Savings Association by this act constituted Dan Dewberry its special agent for handling the proceeds of the check, and, having put it in his power to perpetrate the fraud, must bear the loss. This particular question was involved in the case of *Midland Savings & Loan Company* v. *Home Building & Savings Association.* It was ruled in that case that Dan Dewberry was the agent of the Midland Savings & Loan Company, and it must bear the loss. The check was made payable to the Shields and Dan Dewberry, agent, with instructions to Dan Dewberry to see that the mortgage lien upon the property in favor of the Home Building & Savings Association was paid and satisfied.

The next and last question arising on the appeal is whether the court adopted the correct formula in ascertaining the amount due under the contract. The formula or rule adopted by the trial court was the formula or rule adopted by it in the cases of the *Gate City Building & Loan Association* v. *Frisby,* recently decided by this court. It was decided in that case that the rule in *Roberts* v. *American Building & Loan Association,* 62

Ark. 572, 36 S. W. 1085, was the correct rule by which the amount due should be determined, and, in reiterating the rule that should govern, this court said that the chancellor "seems to have proceeded upon a wrong conception of what was decided in the Roberts case." The court then reiterated and interpreted the rule which should govern in cases of this kind.

On account of the court's failure to adopt and correctly apply the rule in ascertaining the amount due, the decree must be and is reversed, and the cause is remanded with directions to ascertain the amount due under the rule in the Roberts case, as interpreted by this court in the case of *Gate City Building & Loan Association* v. *Frisby*. In all other respects the decree is affirmed.