ALANSON G. FREEMAN *et al.*

*v.*

THE OTTAWA BUILDING, HOMESTEAD AND SAVINGS ASSOCIATION.

*Filed at Ottawa May 15, 1885.*

1.  BUILDING AND LOAN ASSOCIATION—*usury—validity of act of 1872.* The decision of this court in *Holmes et al. v. Smythe et al.* 100 Ill. 413, that the act for the incorporation of loan associations is not unconstitutional, and that loans made according to its provisions are not usurious, is adhered to and followed.

2.  SAME—*forfeiture of stock for non-payment—notice.*  Where the charter of a loan association authorizes the forfeiture of a member's stock for a failure to pay the prescribed assessments on his stock and the interest on a note given by him for money loaned him, together with the premium bid by him, the courts will not relieve him from a forfeiture for a willful neglect to make such payment; and a forfeiture may be declared in such case without notice to him, and the full amount due on his note collected.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of La Salle county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. BULL, STRAWN & RUGER, for the plaintiffs in error.

Mr. LORENZO LELAND, for the defendant in error.

Per CURIAM: This case differs, in principle, in no respect from *Holmes et al.* v. *Smythe et al.* 100 Ill. 413. We do not regard the questions decided there as now open to discussion, because, first, we can here only review the decision of the Appellate Court, and the validity of the statute authorizing the creation of corporations of the character of this defendant in error could not have been passed upon by that court; and second, *Holmes et al.* v. *Smythe et al.* was very carefully and thoroughly considered by this court. An opinion, on the first argument of the case, was filed, holding the statute unconstitutional and the transaction usurious. A rehearing was afterwards ordered, and the cause was then very elaborately argued, both orally and in printed briefs; and thereupon the opinion, as reported, was adopted and filed.

The fact that there Smythe was a stockholder before he obtained his loan, while here Freeman became a stockholder at the time he obtained his loan, we regard as of no consequence. When Freeman obtained his loan he was a stockholder, and since it is not pretended he was under such duress when he became a stockholder as would avoid his contract, he thenceforth was just as much a part of the corporation,— was just as effectually under the obligations of a stockholder to the corporation, and just as much entitled to the benefits to be derived from it,—as was the president of the company or any other stockholder; and inasmuch as he was bound by his contract to pay interest upon the amount he bid, and the monthly installments upon his shares of stock, until they

reached their par value, when they were to be accepted in payment of the loan, and he would be entitled to any excess after that payment, it follows that if, when he made his bid, several installments had already been paid upon his stock, he would only have had that much less to pay until his shares of stock reached their par value; but, in any event, the obligation is, to pay until that value is reached,—and, of course, whether the payments be some before and some after the bid for the money is made, or all after it is made, is immaterial. It may be, in *Holmes et al.* v. *Smythe et al.* we were in error in calling the transaction a sale of stock. The name is unimportant. The transaction there and here is precisely the same. The money in both cases was advanced to a stockholder, on his bid. The premium bid, as well as the interest and installments upon dues paid by the party obtaining the money, went to increase the value of his shares of stock, in common with the value of all the other shares of stock, and when the shares of stock reached their par value, the borrower was entitled to have his note canceled and his mortgage satisfied, and also to have paid to him any excess left after deducting the amount of his bid from the par value of his stock. It is an advancement of money in anticipation of the par value of his stock, or, if it be more agreeable to so call it, a loan to be paid by stock at its par value, with covenants to make such payments of interest and installments of dues on stock, etc., as shall eventually bring such shares to their par value.

The statute authorizes the declaration of forfeiture, and the default of the party being willful, and with full knowledge of the consequences, he was entitled to no notice. He had notice by the fact of his default. Having lost his rights as a stockholder, loss of money paid on that account follows as an incident.

The decree is affirmed.

*Decree affirmed.*