## J. Henry Freie et al. v. The Fidelity Building and Savings Union.

1. USURY—*Building and Loan Associations.*—Building and Loan Associations may contract for premiums, fines and interest without violating the statutes against usury.

2. FOREIGN CORPORATIONS—*Doing Business in Illinois.*—Section 26 of Chapter 32, R. S., Ill., entitled Corporations, impliedly grants to foreign corporations the same privileges that are enjoyed by domestic corporations. A corporation created in one State may, upon the principle of comity, exercise within another State the general powers conferred by its charter and permitted by the laws of its State, provided the doing so does no violence to the laws or public policy of such other State.

Mortgage Foreclosure.—Error to the Circuit Court of Lake County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

STAPP & ARNOLD, attorneys for plaintiffs in error.

WHITNEY & UPTON, attorneys for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Defendant in error, a building and loan association under the laws of Indiana, took a mortgage from J. H. Freie, a member and holder of thirty-six shares of stock of the corporation, to secure a note for $3,000 at six per cent interest and seven per cent annual premium, payable monthly. It was provided that if Freie should default in the monthly payments for three months then the whole debt should become due and a right to foreclose accrue.

Freie failed to pay anything after May 20, 1894, and on October 26, 1894, this bill to foreclose the mortgage was filed. Freie and his wife were made defendants. They answered, setting up that the contract was usurious. The court held the contract was not usurious and entered a decree of foreclosure for $3,013.08, debt, and $100 solicitor's fee, provided for by the mortgage.

The evidence supports the finding that there was due $3,013.08, if the court was right in holding the contract was not usurious.

The bill sufficiently sets up the organization of defendant in error as a corporation under the statute of Indiana to admit in evidence the statute of Indiana. The statute of Indiana, and the contract under which Freie obtained the loan, are in harmony with the statutes of Illinois upon the same subjects. Ch. 24, Revised Statutes of Indiana; Ch. 32, Hurd's Statutes of Illinois, 375–378.

Building and loan associations organized under the Illinois statutes may contract for premiums, fines and interest as provided by the contract between these parties without violating the statute against usury. Holmes et al. v. Smythe et al., 100 Ill. 413; Freeman et al. v. Ottawa Building Association, 114 Ill. 182; Winget et al. v. Quincy Building Association, 128 Ill. 67; Mutual Building and Loan Association v. Tascot et al., 143 Ill. 305. The same is the holding in Indiana. McLaughlin v. Association, 62 Ind. 264.

# 154 APPELLATE COURTS OF ILLINOIS.

Section 26, Chapter 32, R. S., entitled Corporations, impliedly grants to foreign corporations the same privileges that are enjoyed by domestic corporations. A corporation created in one State may, upon the principle of comity, exercise within another State the general powers conferred by its charter and permitted by the laws of its State, provided the doing so does no violence to the laws or public policy of such other State. Stevens v. Pratt, 101 Ill. 206; Barnes v. Suddard, 117 Ill. 237.

Decree affirmed.