# Joseph Choisser v. Miles K. Young, Receiver, etc.

1. Building and Loan Associations—*Mortgage Indebtedness Not to be Reduced by Premiums.*—In a suit to foreclose a mortgage by an insolvent building and loan association, the defendant is not entitled to have his mortgage indebtedness reduced by deducting therefrom the premiums paid by him to such association for his loan and legal interest thereon.

2. Same—*Borrowing Members—No Right to Withdraw Premiums.*— A borrowing member of a building and loan association assumes, with other stockholders, all the risks incident to such relation, and when the association becomes insolvent, he has no more right to withdraw from its assets premiums paid in by him than other stockholders have to withdraw the payments made by them of installments, interest and premiums.

Bill, to foreclose a mortgage. Error to the Circuit Court of Saline County; the Hon. Alonzo K. Vickers, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinion filed March 3, 1897.

## Statement of the Case.

This was a bill filed by Miles K. Young, receiver of the Illinois Building and Loan Association of Bloomington, Illinois, to foreclose two mortgages given by said Joseph Choisser to said association, to secure two loans made to him by the association, one of which loans was $700 and the other $300. The answer admits the incorporation of the association, its continuance to do business until October 2, 1894, and its constitution and by-laws as alleged; admits the two sums of money—$700 and $300—were borrowed of said association, as alleged by appellant, and that he gave his money, bonds and mortgages to secure such indebtedness as alledged; admits that complainant is the lawfully appointed and qualified receiver of said association as alleged; admits that a certain sum of money is now due from appellant to said association, but alleges the amount so due is much less than the sum claimed in said bill; alleges that defendant, from the time of joining said association and from the time of his obtaining the said two loans, has

Choisser v. Young.

kept and performed all the terms and conditions of his two money bonds and two mortgages, and that from and after the date of said two loans he paid to said association all the interest, all the premiums upon said two loans, all quarterly dues, kept the mortgaged property in good repair, paid all taxes, kept said premises well insured, and on October 2, 1894, had kept and performed all promises in accordance with the terms of his two money bonds and mortgages; that while he bid eighty per cent premium upon the sum so borrowed of said association, the privilege of obtaining said loan was not the sole consideration for such premium, but the manner in which he was allowed to repay the same was a material and important part of the consideration for which said premium was bid; that defendant is entitled to have credited upon said loan of $1,000, the premiums paid by him between November 9, 1892, and October 2, 1894, and interest on such monthly premiums up to said last mentioned date, amounting in all to $350, and that the true amount of defendant's indebtedness is $650, with five per cent interest thereon from October 2, 1894; that prior to the beginning of this suit defendant offered to pay complainant the full sum so borrowed by him from said association, with five per cent interest after October 2, 1894, less the amount of the premiums paid by defendant, with interest thereon from the time they were paid, up to October 2, 1894, but said receiver always refused to accept any sum in settlement less than $1,000, with interest thereon at five per cent from and after October 2, 1894. The answer then asks for an accounting, wherein defendant be charged with the sums borrowed, with six per cent interest from the dates upon which they were borrowed up to October 2, 1894, and that he may be credited with the monthly premiums of $7.78, which were paid on the first loan of $700, and with the monthly premiums of $3.34 each, which were paid on the second loan of $300, and five per cent thereon from the date of each of said payments, and with the interest paid on said loans up to October 2, 1894, and when such divers sums have been charged and credited to defendant, and the

balance due from him ascertained, that such balance be decreed to be the true amount due, and shall be received by complainant in full satisfaction of all defendant's former indebtedness to said association, and if such amount, when ascertained, be not greater than the amount tendered before the commencement of this suit by defendant to complainant, that this suit be dismissed and defendant be decreed to recover his costs.

This answer was held to be not sufficient in law or equity, to which ruling defendant then and there excepted. Defendant failed to plead or answer further, and the court found for complainant and against defendant, and that defendant is not entitled to have his indebtedness credited with any premiums paid by him, and that complainant is entitled to recover the full amount of money so borrowed by defendant, with five per cent interest thereon from October 2, 1894; that defendant was not in default in the payment of installments, or interest, or premiums, at the time said association went into the hands of the receiver, and that defendant is not liable for a solicitor's fee. The cause was referred to the master to take and report the proof and findings, and his report was filed and by the court approved.

The report finds upon the evidence submitted that all the material allegations of the bill are true; that the amount due complainant from defendant is $1,000 principal, and interest at five per cent thereon from October 2, 1894, being the sum of $73.25, and that complainant is entitled to have a receiver.

The court entered a final decree finding defendant's indebtedness to complainant to be the sum of $1,073.25, appointing Miles K. Young receiver, and that said sum and costs be paid him.

DUNDAS & O'HAIR, attorneys for plaintiff in error.

KERRICK, SPENCER & BRACKEN, attorneys for defendant in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

From the foregoing statement it appears that the only defense relied on is, that the amount decreed to be paid by appellant is too much and ought to be reduced by deducting therefrom the premiums paid by him, and legal interest thereon, from the date of each payment up to October 2d, 1894. And it is insisted that " the manner in which the defendant was allowed to repay such borrowed money was a material and important part of the consideration for which such premium was bid," and the demand for the payment of the whole amount of the loan before the expiration of the time within which, had the association continued solvent, the payments monthly of interest, premiums and installments, together with the share of general profits, would make his ten shares worth $1,000 and thus cancel the loan made to him, would be a breach of the contract, depriving the borrowing shareholder of a part of the consideration.

We do not think this an equitable defense in view of the admitted facts, and the answer setting it up was properly held to be insufficient.

Appellant became a stockholder and as such became a competitor with other stockholders to procure the loans. He was successful in his competition, because he bid a higher premium than any other stockholder would bid therefor, and this he was obliged to do in order to borrow the money. The amounts of the several loans were paid him out of the money then in the treasury of the association paid by the other stockholders, and the premiums he bid were not deducted from the amounts he borrowed. He was a stockholder who wished the matured value of his ten shares of stock to be advanced. To secure this privilege he was required to pay a premium. This premium, when paid in, increased the value of his ten shares of stock in common with all other shares, and had the association been successful, as all the shareholders hoped and expected, until the monthly payments made, consisting of installments, interest and premiums, would make his shares worth $1,000, his

stock would have been matured and would offset and cancel his loan, or advancement. But as a stockholder, appellant assumed, with other stockholders, all the risks incident to such relation, and when the association became insolvent he had no more right to withdraw from the assets premiums paid in by him, and thus decrease the assets in which every stockholder had an interest, than other stockholders had to withdraw the payments made by them of installments, interest and premiums. No guarantee was made to him that the association would continue doing business until his stock would become matured, and no promise of that kind can be assumed as a condition upon which he had paid the premium.

The master's report refusing to deduct the premiums from his debt was right, and the decree approving the same, and directing the payment of the amount so found due, was not erroneous. The case of Towle v. American Bldg., Loan & Investment Society, 61 Fed. Rep., 446, cited by appellee, is directly in point, and the views we have expressed and our decision of this case are in perfect accord with the opinion in that case.

The decree of the Circuit Court is affirmed.