J. HENRY FREIE *et al.*

*v.*

THE NO. 4 FIDELITY BUILDING AND SAVINGS UNION.

*Filed at Ottawa April 3, 1897.*

1. PLEADING—*when foreign statute is sufficiently pleaded to be admissible in evidence.* An allegation in a bill for foreclosure that complainant is a corporation organized, existing and doing business pursuant to a statute of a foreign State, is sufficient to authorize the admission of such statute in evidence to show the nature and extent of complainant's corporate powers.

2. COMITY—*rule as to the exercise of powers of foreign corporation.* A corporation created in another State may, upon the principle of comity, exercise within this State the powers conferred by its charter, if not inconsistent with the law or against the public policy of this State.

3. LOAN ASSOCIATIONS—*usury—law governing domestic associations applies to foreign associations doing business here.* A foreign building and loan association doing business in this State may contract for premiums and fines in addition to legal interest on money loaned on stock, when so authorized by the law of the State of its creation, without violating the usury statutes of this State.

*Freie* v. *Fidelity Building, etc. Union,* 66 Ill. App. 152, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Lake county; the Hon. CLARK W. UPTON, Judge, presiding.

WOODLE & ARNOLD, for plaintiffs in error.

WHITNEY & UPTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error filed its bill to foreclose a mortgage given to it by plaintiffs in error, J. Henry Freie and Caroline Freie, his wife. The bill alleged that said J. Henry Freie, one of complainant's members and stockholders, borrowed from it $3000 on thirty-six shares of its stock, giving his note for said sum and securing it by the mortgage. The defendants by their answer admitted every material averment of fact, but set up as a defense that the note and mortgage were usurious, because they provided for a premium at seven per cent per annum and for fines, in addition to interest at six per cent. The cause was referred to a special master to take and report the evidence, with his conclusions. The parties stipulated before him that in case there should be a decree of foreclosure the solicitor's fee provided for by the mortgage should be allowed at $100. The special master took the evidence, and reported the same, with his conclusion that there was due complainant $3013.08, and he recommended a decree of foreclosure for that amount, with said solicitor's fee so agreed upon, and costs. Exceptions

to the report were overruled and a decree was entered, which has been affirmed by the Appellate Court.

It is first complained that the statute of the State of Indiana, under which complainant was organized, was improperly admitted in evidence. The ground of the objection made here is, that the statute was not sufficiently pleaded to be admissible. The abstract does not show that any objection was made to the introduction of the statute when it was offered, and for that reason it should not now be entertained. But we think that the statute was not subject to the objection sought to be made. The bill alleged that complainant was a corporation organized, existing and doing business pursuant to this statute. We deem it proper to admit in evidence the statute which was pleaded as complainant's charter, for the purpose of showing the nature and extent of its corporate powers.

The other claim made is, that the contract was usurious. It is conceded that this objection could not be successfully made, as against a corporation of the same character as complainant, if organized under the laws of this State, as has been repeatedly held by this court. (*Holmes* v. *Smythe*, 100 Ill. 413; *Freeman* v. *Ottawa Building Ass.* 114 id. 182; *Winget* v. *Quincy Building Ass.* 128 id. 67.) But it is insisted that a foreign corporation organized as a building and loan association cannot contract for premiums and fines, in addition to interest, without violating the statutes against usury. The rule as to foreign corporations is, that such a corporation created in another State may, upon the principle of comity, exercise within this State the powers conferred by its charter, if not inconsistent with the public laws or policy of this State. (*Stevens* v. *Pratt*, 101 Ill. 206; *Female Academy* v. *Sullivan*, 116 id. 375; *Barnes* v. *Suddard*, 117 id. 237.) By the statute of Indiana, under which complainant was organized, it had power to enter into the contract in this case, and it was not contrary to the laws or policy of this State which permit the organization of like corporations with

the same powers.   The complainant, as a foreign corporation doing business here, is subjected by our statutes to the same penalties and restrictions as domestic corporations of like character, but there is no restriction imposed upon domestic corporations of the same character as complainant which would render this contract usurious.   It is therefore not subject to the defense of usury which was interposed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*