# Frank E. Dooling, Receiver, v. John W. Davis and Mary E. Davis.

1. Building and Loan Associations—*Liability of Borrowing Members.*—A borrowing member of a building and loan association is not entitled to have his mortgage indebtedness reduced by deducting therefrom the premiums paid by him to such association for his loan, and legal interest thereon. He assumes, with other stockholders, all the risks incident to such relation, and when the association becomes insolvent, he has no more right to withdraw from its assets premiums paid in by him than any other stockholders have to withdraw the payments made by them of installments, interest and premiums.

2. Same—*Basis of Settlement.*—Borrowing members of a building and loan association are chargeable with the amount of money actually received by them, with legal interest thereon from the time it was received, and are entitled to credit for all interest and premiums paid, and are chargeable with so much of the gross premiums as are earned at the time the society passes into the hands of a receiver, estimating the life of the loan at eight years.

**Bill of Foreclosure.**—Appeal from the Circuit Court of Pike County; the Hon. Harry Higbee, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

Graham & Miller, attorneys for appellant.

The insolvency of a building and loan association renders its mortgages enforcible at once, by the receiver, regardless of their terms of payment, for the purpose of winding up the affairs of the association. Endlich on Building Associations, 2d Ed., Sec. 523; Towle v. The American Building, Loan and Investment Society, 61 Fed. Rep. 446; Curtis v. Granite State Provident Association, 36 Atl. Rep. (Conn.) 1023; Wier v. Granite State Provident Association, 38 Atl. Rep. (N. J.) 642; Knutson v. Association, 69 N. W. Rep. (Minn.) 889; Rogers v. Raines, 38 S. W. Rep. (Ky.) 483; Rogers v. Hargo, 92 Tenn. 35; Strohen v. Association, 8 Atl. Rep. (Pa.) 843; Twin Cities' National Building and Loan Association v. Lepore, 17 Pa. County Rep. 126; Choisser v. Young, 69 Ill. App. 252; Sullivan v. Stucky, 86 Fed. Rep. 491; Cook v. Kent, 105 Mass. 246.

As to the rule to be followed in stating an account between a borrowing stockholder and the receiver of an insolvent building and loan association, there is diversity of opinion, three views having been advanced in regard to the relative rights and obligations of the borrowing and non-borrowing shareholders.

The first view is that the relation between the society and the borrowing stockholder has been changed by the circumstances to one subsisting between an ordinary creditor and debtor, and that the borrowing shareholder is to be charged with the amount actually received by him, with interest at the legal rate, and credited with all payments made, whether by way of "dues," premiums or interest, according to the rules governing partial payments. Cook v. Kent, 105 Mass. 246; Association v. Zacker, 48 Md. 448; Association v. Buck, 64 Md. 338; Association v. Goodrich, 48 Ga. 445; Brownlie v. Russell, 8 App. Cas. 235.

The second view is that the borrowing stockholder is to be credited upon his loan for the amount of interest and premium paid by him, but is not entitled to have the amount of dues paid by him on account of stock, applied upon his loan. The following authorities are regarded as supporting this view: Strohen v. Association, 115 Pa. St. 273; Rogers v. Hargo, 92 Tenn. 35; Brown v. Archer, 62 Mo. App. 277.

The third view differs from the second one, in that instead of crediting the borrowing shareholder with the whole premium, it credits him only with the part estimated as unearned. Towle v. Am. B. L. & I. Society, 61 Fed. Rep. 446; Sullivan v. Stucky, 86 Fed. Rep. 491; Choisser v. Young, 69 Ill. App. 252.

WILLIAMS & COLEY, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

The Illinois Protective Building and Loan Association loaned its member, John W. Davis, $1,000 with interest and premium in the usual manner of transactions of that

Dooling v. Davis.

character, and took mortgage security dated August 10, 1895, after which, the association becoming insolvent, it went into the hands of a custodian, and later to appellant, as receiver, who brought this suit to foreclose the mortgage, the only controversy in this court being whether appellees should be charged with $140 premiums paid to the time the association ceased doing business, December 8, 1898. The Circuit Court gave appellees credit for the premiums paid, with interest thereon, from which appellant appeals, and the propriety of this action is the only question we are called upon to decide.

We are unable to distinguish any difference between premium and interest in cases like this, as both premium and interest are for precisely the same purpose, namely, the use of the money advanced by the association; and if, as has been often held and is now the rule applied in such cases, insolvency of the association renders its mortgages enforceable at once, regardless of the terms of payment, there is no just or equitable ground by which appellees could be allowed to recover back, by way of credits, payments made by them while the association was doing business. This principle was recognized in Choisser v. Young, 69 Ill. App. 252, in which it was held the stockholder was not entitled to have his mortgage indebtedness reduced by deducting therefrom the premiums paid by him to such association for his loan, and legal interest thereon, and that a borrowing member assumes, with other stockholders, all the risks incident to such relation, and when the association becomes insolvent, he has no more right to withdraw from its assets premiums paid in by him than other stockholders have to withdraw the payments made by them of installments, interest and premiums.

We are satisfied with the reasoning of the court, so far as applicable to this case, in Sullivan v. Spaniol, 78 Ill. App. 125, and also with the conclusion and the statement of the rule that should be applied in such cases in respect to stating the account and ascertaining the amount for which the decree should be rendered. It was there said:

" The better sustained rule in reason and by the authorities is the one prescribed in Towle v. Am. B. L. & I. Society, 61 Fed. Rep. 446, and Sullivan v. Stucky, 86 Fed. Rep. 491, which is that appellees are chargeable with the amount of money actually received by them, with legal interest thereon from the time it was received, and are entitled to credit for all interest and premiums paid, and are chargeable with so much of the gross premium as was earned at the time the society passed into the hands of the receiver, estimating the life of the loan at eight years."

Following such rule the decree of the Circuit Court must be reversed and the cause remanded, with directions to state the account and enter the decree in accordance with this principle.   Decree reversed and remanded.