## Edward Barry, Receiver, etc., v. Rebecca Downs et al.

1. BUILDING AND LOAN ASSOCIATIONS—*The Rule of Accounting in Foreclosure Suits.*—The rule in such cases, to which this court is committed, is that members are chargeable with the money actually received by them, with legal interest thereon from the time it was received, and are entitled to credit for all interest and premium paid, and are chargeable with so much of the premium as was earned at the time the association passed into the hands of the receiver.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

J. J. MORRISSEY, attorney for appellant.

DUNDAS & O'HAIR, attorney for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant was appointed receiver, June 6, 1898, of the Inter State Building and Loan Association, it then being insolvent. Appellees being the owners of two shares of stock of $100 each in the association, gave their mortgage, September 20, 1890, to the association to secure an advance of $200, and thereby agreed to pay $1.20 each month as dues upon the shares of stock, $1 each month as monthly interest at the rate of six per cent per annum upon $200, and $1.17 as monthly premiums. Appellant filed his bill in equity to foreclose such mortgage, which was answered, and the cause being at issue, was referred to the master, with directions as to the manner in which the account should be stated. The master took the evidence, reported his account to the court, to which appellant excepted, and upon the final hearing the court overruled appellant's exceptions to the master's report and entered a decree of foreclosure for $35.72, to reverse which this appeal is prosecuted.

The Circuit Court charged appellees with the amount of money received by them, with legal interest, from which it deducted the total amount of interest and premium installments paid by appellees. This was error. The rule in such cases, to which this court is committed, is that appellees are chargeable with the money actually received by them, with legal interest thereon from the time it was received, and are entitled to credit for all interest and premium paid, and are chargeable with so much of the premium as was earned at the time the society passed into the possession of the receiver. Dooling v. Davis, 84 Ill. App. 394, following Sullivan v. Spaniol, 78 Ill. App. 125. As no good purpose would be subserved by a discussion here of the reasons that led to the adoption of such rule, we refer to the cases cited for the same, being satisfied with the reasoning there pronounced.

The decree of the Circuit Court will be reversed and the cause remanded for further proceedings, consistent with the views herein expressed. Reversed and remanded.