Hedley v. Geissler.

## Ernest Hedley et al. v. Fred L. Geissler, Receiver, etc.

90    565
s189s  172

1. BUILDING AND LOAN ASSOCIATION—*Effect of the Appointment of a Receiver.*—The appointment of a receiver for a building and loan association necessarily carries with it the power in the court to collect, marshal and distribute the assets.

2. SAME—*Position of Borrowing Members of Insolvent Associations.*—The insolvency and consequent inability of a building and loan association to carry out its part of the original purpose can not be availed of by a borrowing member to his advantage for the reason that he, as one of its members, is responsible alike with the other members for its mismanagement and failure.

3. SAME—*Relation of the Members When Insolvent.*—The relation sustained by the members of an insolvent association to each other is essentially that of copartners, and its incorporation is a sort of expedient resorted to for the more convenient prosecution and control of the peculiar business for which it is organized.

4. SAME—*Contracts Not Usurious.*—Contracts of a building and loan association with its borrowing members are not usurious, although the borrower may be required to pay a greater price for the use of the money advanced to him than is allowable under the general law regulating the rate of interest.

5. SAME—*Rights of Borrowing Members.*—A borrowing member of an insolvent building and loan association is not entitled to have his mortgage indebtedness reduced by deducting therefrom the premiums paid by him.

Foreclosure.—Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

T. T. HINDE and TRAVOUS & WARNOCK, attorneys for appellants.

HAMILL & BORDERS, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery by appellee, as receiver of the Investment, Building & Loan Association, of Belleville, Illinois, against appellants, to foreclose a real estate mortgage, in the Circuit Court of Madison County. Upon final hearing the court rendered a decree in favor of appellee for $971, and costs.

The Investment Building & Loan Association, of Belleville, Illinois, was incorporated and doing business under the building and loan association statute of this State, and under the terms of its charter only members of the association could become borrowers. On the 15th day of October, 1895, appellant Ernest Hedley became a member and subscriber for ten shares of stock, of $100 each, and on November 15, 1895, borrowed from the association on his stock the sum of $1,000, securing the same by a mortgage on real estate executed by said appellant and Elizabeth Hedley, his wife and co-appellant.

The by-laws of the association are a part of the contract. These by-laws require a monthly payment of fifty cents on each share of stock. This is required to be paid by borrowing and non-borrowing members alike, to mature the stock, and is denominated " dues." Instead of requiring a bonus for the privilege of being preferred as a borrower, to be paid in advance or withheld from the amount loaned, the by-laws provide, in lieu thereof, for the payment by a borrowing member of fifty cents per month on each share borrowed on. This is denominated " premium." And the by-laws require that such borrowing member shall pay as interest, or in lieu of interest, fifty cents per month on each of such shares. No bonus or premium having been paid in advance or withheld from the amount of the loan, there can be no unearned premium involved in this case. By this plan the premium is earned as fast as its payment is required.

On becoming a member of the association, appellant Ernest Hedley paid a membership fee of $10, and in securing his loan he paid $5 for an examination of his abstract,

and $5 for an examination of the real estate offered as security. During the time of his membership, before the association became insolvent, he paid, dues $155, premiums $155, and interest $155.

Appellants' first contention is that there is no right to foreclose in this case, because, at the time the association was declared insolvent, appellants were not in default. The statute provides for an application to the court, the.appointment of a receiver, and for a dissolution of the association, under certain conditions, and further provides for proceeding as in other cases in chancery. The validity of the action of the court in declaring the association insolvent and appointing a receiver, is not challenged in this case. This necessarily carries with it the power in the court to collect, marshal and distribute the assets. The insolvency and consequent inability of the association to carry out its part of the original purpose can not be availed of by appellant to his advantage, because he, as one of its members, is responsible, alike with all the others, for its management and its failure. The relation sustained by the members of such association to each other is essentially that of copartners, and the corporation is a sort of expedient resorted to for the more convenient prosecution and control of the peculiar copartnership business for which the association is organized. The association does not deal at arms' length, as a corporate entity, with its members, and can not, except to the most limited extent, deal with others than its members. Many of the principles and maxims which apply to contracts between strangers, do not apply to these transactions with members. The transaction between a member and the association, whereby the member is allowed to receive money on his shares of stock in advance of their maturity, called borrowing, is simply extending to the member his membership rights as defined by the statute under which the association is organized, and the constitution and by-laws by which it is governed, upon his compliance with the prescribed terms and conditions.

When appellant and his fellow-members (copartners) had

so managed their association as to bring it into such condition that it could no longer properly serve the purpose or carry out the objects for which it was formed, and the court had appointed a receiver and ordered him to collect the assets for the purpose of making equitable distribution thereof among the members, and such receiver had made demand and appellant had failed to pay, then and thereafter appellant was in default.

It is assigned as error that the court did not sustain defendant's defense of usury. In section 88, chapter 32, Hurd's Revised Statutes, 1897, it is provided:

"Corporations organized under this act being of the nature of co-operative associations, therefore no interest, premiums, fines nor interest on such premiums that may accrue to such corporation, according to the provisions of this act, shall be deemed usurious, and the same may be collected as other debts of like amount may be collected by the laws of this State."

Such contracts are not usurious, although the borrower may be required to pay a greater price for the use of the money advanced to him than would be allowable under the general law regulating the rate of interest. Holmes v. Smythe, 100 Ill. 413; Freeman v. Ottawa B. H. & S. Ass'n, 114 Ill. 182; Freie v. Fidelity B. & S. U., 166 Ill. 128.

The principal bone of contention in this case is as to the proper disposition to be made of the item of $155, being the aggregate of the monthly installments of premium paid by appellant. Appellants contend that they are entitled to have credit against the amount of the mortgage in this proceeding, for this item of premiums paid. The trial court refused to allow such credit.

The question is not new to the courts of this State. It has been repeatedly held that a borrowing member of an insolvent association is not entitled to have his mortgage indebtedness reduced by deducting therefrom the premiums paid by him. In Choisser v. Young, Receiver, 69 Ill. App. 252, it is said:

"A borrowing member of a building and loan association, with other stockholders, takes all the risk incident to

such relation, and when the association becomes insolvent he has no more right to withdraw from its assets premiums paid by him, than other stockholders have to withdraw the payments made by them."

The proper manner of stating the account in such cases has been before this court in Sullivan, Receiver, v. Spaniol, 78 Ill. App. 125; in Dooling, receiver, v. Davis, 84 Ill. App. 393; in Dooling, receiver, v. Coats, opinion filed December 15, 1899, in Third District; and in Dooling, receiver, v. Smith, 89 Ill. App. 26.

In all these cases the rule that a borrowing member of an insolvent association is not entitled to have his mortgage indebtedness reduced by deducting therefrom the earned premium paid by him, has been recognized and adhered to. The United States Circuit Court, Northern Dist. of Illinois, in Towle v. American B., L. & I. Society, 61 Fed. Rep. 446, holds to the same rule, as to the application of earned premiums paid by the borrower. As we have above remarked, there is no question of unearned premium involved in this case.

As to the item of $10 paid for the membership fee, and the two items of $5 each, paid for examining the abstract and the real estate, no authority is cited by counsel for appellants, and we can conceive of no valid reason for applying these payments in reduction of the mortgage.

Sec. 6 (c) of the statute, cited by counsel for appellants, has no application to the conditions of this case. That section applies to voluntary repayment of loans, in the ordinary course of dealing with a solvent association.

The judgment of the Circuit Court is affirmed.