# Enfield M. Wineman v. First Mortgage Loan Company, et al.

### Gen. No. 11,362.

1.   HOMESTEAD LOAN ASSOCIATION—*issuance of borrowers' certificates unauthorized.* Held in this case that the issuance by a homestead loan association of what is termed " borrowers' certificates " was unauthorized.

Wineman v. First Mortgage Loan Co.

2. HOMESTEAD LOAN ASSOCIATION—*when loan made by, usurious.* A loan made by a homestead loan association at a time when it had no money in its treasury applicable to loans is usurious, where, in lieu of the payment of the money under such loan, it issued what is termed "borrowers' certificates," payable at no definite or fixed time.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed November 29, 1904.

**Statement by the Court.** This is an appeal from a decree for the foreclosure of a trust deed in the nature of a mortgage executed by appellant Enfield M. Wineman and wife to secure their "money bond of indebtedness" to appellee, a building and loan association. May 6, 1899, Wineman made an application in writing to the loan company for a loan of $1,600 and subscribed for twenty-eight shares of its capital stock. His application was accepted and May 12, 1899, he with his wife executed to the loan company a bond for $1,600 and therein bound themselves to pay the company each month $7 on said shares of stock and $9.60 monthly interest on said sum of $1,600 at the rate of seven two-tenths per cent per annum, and all fines and penalties imposed by the charter or by-laws of the company until the principal sum and interest should be fully paid by the maturing of the stock. The bond contained a provision that in case of default in the payment of any of said sums for six months the principal should, at the option of the company, become due. The company did not at the time of the acceptance of the loan have money in the treasury wherewith to make the loan but issued to Wineman six "borrower's loan certificates" amounting in all to $1,600, by each of which it agreed to pay to his order the amount of such certificate out of the first funds coming into its treasury applicable to that purpose, in the order of his application. These certificates Wineman by endorsement thereon assigned to Otis H. Waldo and guaranteed the payment thereof. The endorsements recite that Wineman has secured his said guaranty by a trust deed of even date therewith. At the same time and as a part of the same transaction the trust deed in question was executed. It

recites the execution of the bond for $1,600, the issuing of said certificates, and states that the maker of said bond has received the said " borrower's loan certificates " in full consideration for said bond of indebtedness. The trust deed in terms secures the payment of the "bond of indebtedness," of said " borrower's loan certificates," the monthly dues, fines, etc. The trust deed was at once recorded and the certificates placed in the hands of Huckins, the secretary of the loan company. July 20, 1899, Huckins delivered said certificates to Waldo, and Waldo gave his check for $1,600 payable to the order of Wineman. Wineman endorsed the check to Simpson, as trustee; Simpson drew a check for $160 to the order of Wineman and Wineman endorsed and delivered the check to Waldo in payment of $160 discount on the certificates which he had agreed to pay Waldo.

The first installment of $9.60 for monthly interest which Wineman paid was the July, 1899, installment. The " borrower's loan certificates " were paid October 24, 1900. Wineman made default in the payment of dues and interest for six months and the directors of the company declared the whole amount of his indebtedness due, and the bill in this case was then filed.

Rufus Cope and James F. Collopy, for appellant.

Otis H. Waldo, for appellees.

Mr. Justice Baker delivered the opinion of the court.

Section 85, chapter 32, R. S., provides that at any stated meeting of the board of directors of a building and loan association " the money in the treasury shall be offered for loan in open meeting * * * *provided* that any such association may by its by-laws dispense with the offering of money for bids in open meeting and in lieu thereof loan its money at a rate of interest fixed by its by-laws and either with or without premiums, deciding the preference or priority of loans by the priority of the applications for loans of its shareholders. The by-laws of appellee provide that upon loans made by it the borrower shall pay " sixty

cents per month as interest upon each $100 borrowed." Section 88 of the statute above referred to provides that no interest, etc., which may accrue to the association under the provisions of that act shall be deemed usurious.

That a building and loan association may loan its money to its shareholders in the manner prescribed in the statute at a rate of interest exceeding seven per cent per annum without making the transaction usurious, is, as was said in Freeman v. Ottawa B., H. & S. Ass'n, 114 Ill. 182, no longer open to discussion. If the transaction disclosed by this record was a loan by appellee of its money to Wineman at sixty cents per month per hundred dollars interest, it was not usurious. Whether it was such a loan is the principal question involved in this case. Looking into the facts of the case we find that in May, 1899, when Wineman applied for a loan and appellee accepted his application, appellee had no money in its treasury to loan to any one and that no money came into its treasury which could properly be loaned to Wineman until October 24, 1900.

When a loan of money is agreed to be made, the borrower, when the security agreed upon has been given by him to the lender, is entitled to demand and receive from the lender the amount of the loan in money. Here the lender issued to the borrower " borrower's loan certificates" for the amount of the loan, and the trust deed recites that the borrower " had received such certificates in full consideration for the bond of indebtedness" which he had given the company for the amount of the loan. The bond, the certificates, the assignment and guaranty of the certificates and the trust deed bear the same date and were executed as parts of the same transaction. Wineman, by accepting the certificates in full consideration for the bond he had given appellee, gave up his right to demand or receive from it the amount of the loan in money, and in lieu thereof took only the right to demand and receive the amount of the certificates when they by their terms became due and payable. The statute gives to building and loan associations the power to lend their money at a rate of

interest exceeding seven per cent, without making such transaction usurious. The provisions of a statute are to be construed in the light of the general purpose of its enactment. The object of this statute as expressed in its title is "to enable persons to become incorporated to raise funds to be loaned only among the members of such association." No authority is given by the statute to issue such "borrower's loan certificates" as were issued in this case. An association organized to "raise funds to loan only to its members" has no occasion to issue such certificates, for the statute contemplates that the funds shall be raised before they are loaned. No doubt loans may be accepted in advance, to be made as funds come in the treasury in the order in which the applications are made, but the loan cannot be made until the money is in the treasury, and when the loan is made the borrower is entitled to receive the amount of his loan in money, not in certificates payable at no definite or fixed time. In our opinion the transaction in question was not a loan of money by appellee to Wineman, within the provisions of the Building and Loan Association statute, but was a transaction neither within the letter nor spirit of that act, nor protected by it from the statute against usury.

It is not shown that appellee received any part of the $160 discount on the bond that was paid to Waldo, its president, by Wineman.

Appellee is entitled to recover the principal of the bond but is not entitled to recover interest thereon. The amount paid as interest and as fines for the non-payment of interest must be credited on the principal of the bond.

The amount paid for insurance and for fines for failure to keep the mortgaged premises insured as provided in the trust deed must be added to the principal of the bond. The allowance in the decree of an attorney's fee of $100 was proper under the evidence.

The decree of the Superior Court will be reversed and the cause remanded for further proceedings not inconsistent with the views above expressed.

*Reversed and remanded.*