William H. Couch et al., on appeal of Mathaus Scherrer, Appellant, v. Lake Shore Building Loan & Homestead Association, Appellee.

## Gen. No. 21,401.

BUILDING AND LOAN ASSOCIATIONS, § 76*—*when premiums on loans chargeable up to time of insolvency.* An insolvent building and loan association in calling in its loans to borrowing members who have paid premiums thereon may charge each member on the settlement with so much of the premiums as was earned at the time the association ceased doing business.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed July 20, 1916.

WILLIAM H. RICHARDSON, for appellant.

BURTON, KANNALLY & MEGAN, for appellee.

MR. JUSTICE McDONALD. delivered the opinion of the court. .

Appellant filed a petition in the court below, seeking the repayment by the receiver of appellee of $166, alleged to have been overpaid to said receiver, on a

loan made by appellee to appellant, the said $166 being the earned portion of a twenty-five per cent. premium with which appellant had been charged on the original loan. On a hearing, the court found the issues for the appellee and dismissed appellant's petition for want of equity.

The only question raised on this appeal is the right of an insolvent building and loan association, in calling in its loans to borrowing members who have paid premiums thereon, to charge each member, on the settlement, with so much of the premium as was earned at the time the association ceased doing business. While this precise question has never been passed upon by the Supreme Court of this State, it was directly involved and adjudicated in the following cases, viz.: *Choisser v. Young,* 69 Ill. App. 252; *Sullivan v. Spaniol,* 78 Ill. App. 125; *Dooling v. Davis,* 84 Ill. App. 393; *Dooling v. Coats,* 86 Ill. App. 411; *Barry v. Downs,* 87 Ill. App. 486; *Dooling v. Smith,* 89 Ill. App. 26; *Hedley v. Geissler,* 90 Ill. App. 565, where it was uniformly held that a borrowing stockholder of a building and loan association was chargeable with the earned premium, from the date of the loan to the date of insolvency. This holding was also adhered to in *Towle v. American Building, Loan & Investment Society,* 61 Fed. 446, wherein the court, in summing up its reasons therefor, stated (p. 448):

"The most difficult question relates to the premium. * * * It is urged that he (the borrowing stockholder) ought to be credited with the premium, because he has neither received it in money, nor its consideration in the length of time for which the loan was to run, or in the manner of its repayment as originally contemplated. The objection would be insuperable if the borrower at the time of the loan stood in the attitude of a stranger to the association, and the act of borrowing constituted such contract as usually arises upon a loan. In such a case the lender could not insist upon the premium while withholding a portion of the considera-

tion and benefit upon which it was passed. But the relation between the borrower and his associate stockholders, and the legal relationship arising from the transaction, are not of that character. * * * The inability of the association to proceed to its expected termination by reason of the impairment of its collectible loans is attributable alike to each stockholder. The officers of the association are their agents, and the results of their investments are alike the fortune or misfortune of each stockholder, whether it be borrower or nonborrower. When a condition thus brought about justifies a court of equity in peremptorily terminating the career of the association, the adjustment should be made as near upon the line of what would take place if the association lived out its life as is possible. I can think of no fairer rule than to regard the nominal life of the association as eight years, and to look upon each year short of that period as an aliquot portion thereof. This would give the borrower credit for such premium as the number of years, or fractional portions thereof, unlived by the association, bear to the whole period of its normal life of eight years. To that extent, the premium is unearned; for the period already passed, it has been earned.''

The foregoing view represents the great weight of authority in this State, as expressed by the cases hereinabove referred to, and is, in our opinion, the correct one. In arriving at this conclusion, we are not unmindful of the views expressed in *Wright v. Curtin,* 137 Ill. App. 276, in which the court cited, with apparent approval, the view stated in the *Young* case, *supra,* wherein it was held that when a building and loan association becomes insolvent, a borrowing stockholder has no more right to withdraw from the assets premiums paid by him and thus decrease the assets in which every stockholder has an interest, than other stockholders have to withdraw the payments made by them, of instalments, interest or premiums; but the court in the *Wright* case, *supra,* concluded by expressing a preference for the view adopted in *Strohen v.*

*Franklin Saving Fund & Loan Ass'n,* 115 Pa. St. 273, which is not in harmony with that enunciated in the· *Young* case, *supra.* Upon an examination of the opinion in the *Wright* case, *supra,* it will be found that the issue raised by the pleadings in the court below, and by the assignments of error on appeal, was on the question of usury, and not the propriety of charging the borrowing stockholder with the earned premium, hence the observations of the court with reference to the application of the premium are mere *dictum.*

The decree of the Circuit Court of Cook county will be affirmed.

*Affirmed.*