# Harvey Bates v. Equitable Building and Loan Society.

1. ESTOPPEL—*Members of Building and Loan Association.*—A person who procures a loan from a building and loan association, and secures the same by a mortgage upon real estate, can not be heard to say, in a suit by the association to foreclose the mortgage, that he is not a member of the association, simply because his application for membership was made through the secretary and his bid for the loan was not signed by him, and so invoke the usury laws of the State.

Mortgage Foreclosure.—Error to the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

N. F. ANDERSON, attorney for plaintiff in error.

M. N. GISH, attorney for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a bill to foreclose a building and loan association mortgage in which the defendant set up the defense of usury. The defense failed, and the court entered a decree of foreclosure for $1,020.

Bates, who is a resident of Henry county, made a written application to the defendant in error for a loan of $1,200. After the property which was offered as security was examined a loan for the sum of $1,200 was refused, but a loan for $1,000 was offered, which he accepted.

A certificate of stock for ten shares of $100 each was issued to him. He gave his note for $1,000, and mortgage, in which he agreed to pay four dollars per month on stock, seven dollars per month as interest, and four dollars per month as premium.

He claims that he was not a stockholder, and that he made no bid on which premium could be charged against him. He insists, therefore, that such sums as have been paid by him as dues, interest and premium, as they aggregate a sum much above the highest rate of interest allowable under our statute, should be allowed in discharge of the principal.

There can be no question, under the evidence, that Bates intended and attempted to become a member of the association. His efforts to procure the money plainly indicate a desire to come within the laws and rules governing the association. His application was made through the association's secretary; and while the bid sent in was not signed by him, the certificate of stock was issued to him, he obtained the money by virtue of it and the mortgage, and he indorsed the certificate, and turned it over to the association. Although there was some irregularity in the manner with which he made the bid and became a stockholder, he recognized the validity of the steps taken, complied for a time with the rules and by-laws by paying his monthly dues without objection, and he should now be estopped from claiming that he is not a stockholder, and from invoking the aid of the usury laws of the State. We must regard his

relations toward the society in the same light that he did up to the time when he made up his mind to repudiate.

The contract was not usurious. Sec. 83, Ch. 32, Hurd's Revised Statutes, 380; Ho'mes v. Smythe, 100 Ill. 413; Freeman et al. v. Ottawa Building Association, 114 Ill. 182.

Decree affirmed.