Lurton v. Jacksonville Loan & Building Ass'n.

87 395
a187s141
87 395
d93 ²146

# Lou C. Lurton et al. v. The Jacksonville Loan & Building Association.

1. BUILDING AND LOAN ASSOCIATIONS—*Supplying Omissions in the Minutes.*—It is competent for a building and loan association to supply an omission in the minutes of its meetings by oral testimony.

2. SAME—*Estoppel of its Members.*—A person who becomes a member of a building and loan association by making a successful bid for a loan is estopped from setting up the irregularity of the meeting at which he made his bid.

3. ESTOPPEL—*To Make the Defense of Ultra Vires.*—A party can not avail himself of the defense of *ultra vires,* when the contract has been in good faith performed by the corporation and he has had the full benefit of such performance.

Foreclosure.—Appeal from the Circuit Court of Morgan County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

C. EPLER and GEORGE L. MERRILL, attorneys for appellants.

L. O. VAUGHT, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court. This suit was brought by appellee to foreclose a mortgage executed by Lou C. Lurton, and William S. Lurton, her husband, to secure the payment of a promissory note made by her to appellee on the 5th of June, 1893. The consideration of the note was fifty-five shares of building and loan stock in appellee, subscribed for by her at a premium of eighteen per cent, on which she received an advance payment of $4,510.

The bill alleges default in payment of interest, fines, etc., and that such default had worked a forfeiture of the mort-

gaged premises. Appellants interposed the defense of usury, claiming in their answer that appellee was not a building and loan association within the intent and meaning of the statute, but a mere money-lending concern, transacting its business under the guise of a building and loan association. They contended that the amounts paid, aggregating $2,500, should be applied as credits on the $4,510 actually received, and that the court should declare the balance as the amount due to appellee.

The cause was referred to the master in chancery to take proofs and state the account. On the coming in of the master's report a few minor charges against Mrs. Lurton were eliminated and a decree for $4,661.18 and costs was rendered by the court.

Appellants insist upon a reversal of the decree because the loan contract was usurious. They rely upon three points: First, that the money borrowed by Mrs. Lurton was not offered to the highest bidder in an open meeting of the board of directors and bid off by her at eighteen per cent premium, but that the directors arbitrarily fixed the premium which she had to bid in order to secure the loan. Second, that appellee, having obtained its loaning fund in part from non-borrowers by issuing to them paid-up stock, thereby ceased to be a building and loan association within the intention and meaning of the statute, and lost its right to the privileges and immunities granted by the statute to such associations. Third, that a stipulation contained in the mortgage allowing the association to pay taxes, insurance and assessments which the mortgagor had failed to pay, and that all money so paid should become additional indebtedness, with interest at the rate of eight per cent, tainted the whole loan contract with usury.

It appears from the evidence that Mrs. Lurton, who was constructing a dwelling house on the mortgaged premises, made application, through her husband, to appellee, to become a member of the association, and for a loan. At a meeting of the directors on the 20th of February, 1893, a committee was appointed to examine into and report upon

the application.   At a meeting on the 27th of February, there was an informal discussion of the matter, and at a meeting held on the 6th of March, the directors agreed to loan Mrs. Lurton $4,500 on the property, on condition that the house then under construction should be completed according to certain plans and specifications, and turned over without incumbrance, at a bid of eighteen per cent premium.   Thereupon Mrs. Lurton made her formal written application as follows :

"4,510.                    JACKSONVILLE, ILL., March 6, 1893.
   I hereby apply for a loan of, forty-five hundred and ten dollars, net, on 55 shares of stock of the Jacksonville Loan and Building Association, at 18 per cent premium, on my property situated on west side of Webster avenue, in Jacksonville, Ill., valued at ——— dollars, yearly rental ——— dollars.

                                "LOU C. LURTON."

   The secretary of the association testified that Lurton was present at the regular meeting of the board on the 20th of February and made a bid of the same premium as that made at the last sale of money, which was eighteen per cent.   His testimony is not contradicted and is a complete refutation of the contention that the directors arbitrarily fixed the premium.   It is insisted that his testimony, with the testimony of others corroborating him, contradicts the minutes of March 6th, and was, therefore, inadmissible.   We think not.   It merely shows that had been done before that time. The record of January 20th did not show all that was done at that meeting.   The transactions of that meeting should have been entered in full, and properly attested, but that was not essential to their validity or proof.   It was entirely competent to supply an omission in the minutes by oral testimony, its effect being merely to explain or add to, and not to contradict the recorded minutes.   Endlich on Building Associations, Par. 184, 185.

   To the contention of appellants that no bid could have been entertained or acted upon at the meeting of February 20th because at that time Mrs. Lurton was not a member of the association, it is only necessary to say that she is

estopped from setting up that irregularity. By the transaction she became a member of the association, received the money upon the terms of her oral bid, and, up to the time of her default, recognized the contract as valid. It is well settled that a party can not avail himself of the defense of *ultra vires*, when the contract has been in good faith performed by the corporation and he has had the full benefit of such performance. Kadish et al. v. Garden City Equitable Loan and Building Association, 151 Ill. 531; Freeman v. Ottawa B. H. & S. Ass'n, 114 Ill. 182; Conservative B. & L. Ass'n v. Cady et al., 55 Ill. App. 468; Bates v. Equitable B. & L. Society, 65 Ill. App. 529; Carson City Savings Bank v. Elevator Co., 90 Mich. 550; 2 Parsons on Contracts, 790.

We see nothing in the evidence to justify the contention that appellee has forfeited its rights as a building and loan association. A few of the members did make payments for stock in advance and not periodically, as provided by the laws of the association. But we are unable to see how any member was prejudiced thereby; and if they were, appellants, under the authorities above cited, could not urge that as a defense.

We do not think the stipulation in the mortgage allowing appellee to pay for taxes, assessments and insurance which the mortgagor had failed to pay, and that all money so paid should be added to the debt and bear interest at the rate of eight per cent, tainted the entire contract with usury. The court refused to allow any interest whatever on those items, but refused to carry the usury defense farther. We approve the action of the Circuit Court in that regard.

Neither one of the contentions urged by appellants is supported by the record. Decree affirmed.